UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. E.,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-CV-07540-RLP<br><br>ORDER DISMISSING HABEAS PETITION |

Before the Court is Petitioner Kevin E. E.'s[1] ("Petitioner") second petition for writ of habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of his

[1]The Court uses Petitioner's first name and last initial to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018),

civil immigration detention and seeks immediate release or, alternatively, another bond hearing. *Id*. at 3, 11-12. Respondents oppose the petition, arguing that it constitutes an abuse of the writ, that Petitioner has not exhausted his available administrative remedies, and that his continued detention is authorized by statute and does not violate due process. ECF No. 7 at 2-4.

Because Petitioner has not exhausted his available administrative remedies and has not established a basis to excuse exhaustion, the Court dismisses the petition without prejudice.

BACKGROUND

Petitioner is a citizen of Peru who entered the United States on March 17, 2023, without inspection. ECF No. 7-1 at 1-2. That day, he was arrested by the U.S. Border Patrol, and the Department of Homeland Security (DHS) served him with a Notice to Appear alleging that he was inadmissible and initially released him on an order of recognizance. *Id.* at 2, 8, 11-12.

While released, Petitioner was stopped by law enforcement approximately eight times for traffic-related misdemeanors and infractions resulting in fines and one five-day jail sentence. *Id.* at 2-4; ECF No. 7-2 at 8-35.

---

https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

On July 4, 2026, Petitioner was arrested and charged with three misdemeanor domestic violence offenses in Utah. ECF No. 7-1 at 4; ECF No. 7-2 at 36-38. On July 7, 2026, DHS detained Petitioner pursuant to an administrative warrant. ECF No. 7-1 at 2, 6. Petitioner subsequently requested that the immigration court redetermine his custody status at a bond hearing. *See* ECF No. 7-3 at 1. On August 4, 2026, an Immigration Judge denied Petitioner's request for release after finding that he posed a danger to the community. *Id.* Petitioner reserved his right to appeal the decision, and the deadline to appeal to the BIA was September 3, 2026. *Id.* at 2. Petitioner did not appeal the determination. ECF No. 10-1.

On August 17, 2026, Petitioner filed his first habeas petition, alleging that his continued detention violated his right to due process. *E.E. v. Chestnut*, No. 1:26-CV-06532-RLP, 2026 WL 2520273, at *1 (E.D. Cal. Aug. 26, 2026). The Court dismissed that petition without prejudice on August 26, 2026, because Petitioner had not exhausted his available administrative remedies. *Id*. at *2.

Petitioner filed the instant petition on September 17, 2026. ECF No. 1. On September 24, 2026, Petitioner submitted another request for bond. ECF No. 10 at 1; ECF No. 10-1 at 1. On October 15, 2026, an Immigration Judge denied that request after finding that Petitioner failed to demonstrate changed circumstances. ECF No. 10-1 at 1. Petitioner has until November 16, 2026, to appeal that

determination to the BIA. *Id.* at 2. Respondents represent that, as of their supplemental response, they had not received an appeal. ECF No. 10 at 1.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## EXHAUSTION OF REMEDIES

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). Nevertheless, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995).

The Ninth Circuit has specifically applied this requirement to challenges to bond determinations under 8 U.S.C. § 1226(a). *Leonardo v. Crawford*, 646 F.3d 1157, 1160-61 (9th Cir. 2011). A noncitizen dissatisfied with an Immigration Judge's bond determination may appeal to the BIA. *Id.* at 1160. If the noncitizen remains dissatisfied after the BIA renders its decision, the noncitizen may seek habeas review in federal district court. *Id.* Filing a habeas petition before pursuing BIA review is an improper "short cut" around that administrative process. *See id.*

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id*. Although courts have discretion to excuse prudential exhaustion, that discretion is not unlimited. *Laing*, 370 F.3d at 998. Exhaustion may be excused when administrative remedies are inadequate or ineffective, pursuing those remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. *Id.* at 1000.

Here, Petitioner has not exhausted his available administrative remedies. On October 15, 2026, an Immigration Judge denied Petitioner's renewed bond request after finding that he failed to demonstrate changed circumstances. ECF No. 10-1 at 1. Petitioner has until November 16, 2026, to appeal that determination to the BIA, and Respondents represent that they have not received an appeal.. ECF No. 10 at 1;

ECF No. 10-1 at 2. Thus, Petitioner has not completed the available administrative review process.

Petitioner asks the Court to excuse exhaustion, arguing that administrative proceedings cannot adequately remedy the alleged constitutional violations and that continued detention causes irreparable injury. ECF No. 1 at 5-6. The Court declines to excuse exhaustion under these circumstances.

Petitioner has received two custody determinations and retains the opportunity to appeal the most recent determination to the BIA. ECF Nos. 7-3; 10-1. Although the Immigration Judge denied Petitioner's renewed bond request, Petitioner has not demonstrated that pursuing BIA review would be futile or incapable of providing meaningful relief.

Nor has Petitioner demonstrated that his circumstances warrant excusing exhaustion based on irreparable injury. Petitioner identifies hardships associated with his continued detention, including separation from his family and difficulties preparing for his immigration proceedings. ECF No. 1 at 11. Although the Court recognizes the significance of those hardships, Petitioner has not shown why the available administrative review process would be inadequate to address his continued detention.

Accordingly, the Court declines to excuse Petitioner’s failure to exhaust his administrative remedies. Petitioner must complete the available administrative review process before seeking habeas relief.

**Accordingly, IT IS ORDERED:**

1. Petitioner’s Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DISMISSED** without prejudice.

2. Judgment shall be entered for Respondents.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to petitioner and counsel, and **CLOSE** the file.

DATED October 30, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE